IN THE UNITED STATES FEDERAL DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff, | *<br>*<br>* |
| vs. | *　　CR. NO. 2:07cr61-MHT<br>* |
| ARINNIYI OMOLADE AKINYEMI<br>　　Defendant. | *<br>* |

### MR. AKINYEMI'S MOTION TO SUPPRESS STATEMENTS AND MATERIALS

　　COMES, James R. Cooper, Jr. who on behalf of his client moves this Court to suppress statements taken from his client and items taken from his home and states in support thereof as follows:

1.　　The Fourth Amendment to the United States Constitution protects the right of persons to be free from unreasonable searches and seizures. U.S. Const. amend. IV.

　　Mr. James Tynan, a United States Postal Inspector went to the home of the defendant and entered it without a search warrant. Pursuant to this warrantless entry, he obtained statements from the defendant and took things and items from that residence. This does not appear to be a case in which Mr. Tynan had an arrest warrant he was attempting to execute. It appears to be a case in which Mr. Tynan, while believing that Mr. Akinyemi *may* have some knowledge of criminal activity, came to his residence with the intent of entering, questioning the defendant and searching the premises.

2.　　Further, Based upon good faith belief information from the Defendant, it appears that Mr. Tynan induced Mr. Akinyemi to talk to him by stating that he would gain much if he talked and would be in trouble if he refused to cooperate and talk. This inducement was deceptive in nature.

　　The 11th Circuit Court in the case of <u>Hart vs. Attorney General for the State of Florida</u>, 323 F. 3d 884, 2003, stated:

　　[38] The Supreme Court has held - and it is therefore clearly established - that the government cannot introduce a suspect's statement taken without the presence of an attorney without first showing that the suspect made a voluntary, knowing, and intelligent waiver of his right to counsel. Miranda, 384 U.S. at 475, 86 S. Ct. at

1628 ("If the interrogation continues without the presence of an attorney and a **statement** is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel."). See also United States v. Beale,

1. **921 F.2d 1412**, 1434 (11th Cir. 1991) ("Before the government may introduce a suspect's un counseled **statement** made during custodial interrogation, it must show that the suspect made a voluntary, knowing and intelligent waiver of his privilege against self-incrimination and his right to counsel.").

[39] Likewise, it is clearly established from holdings of the Supreme Court that the inquiry into whether a waiver was voluntary, knowing, and intelligent is twofold:

[40] First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the "totality of the circumstances surrounding the interrogation" reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived. Moran v. Burbine, 475 U.S. 412, 421, 106 S. Ct. 1135, 1141, 89 L. Ed. 2d 410 (1986) (quoting Fare v. Michael C., 442 U.S. 707, 725, 99 S. Ct. 2560, 2572, 61 L. Ed. 2d 197 (1979)).

[41] Hart argued in both the state trial court and the state appellate court that his waiver was not voluntary, knowing, and intelligent because Schuster misled him as to the nature of the rights he was waiving. Clearly established federal law, (fn17) as determined by the Supreme Court, required the state courts to determine whether, under the totality of the circumstances, Hart's waiver was voluntary, knowing, and intelligent. The state courts did not do so. Instead, they only applied Davis, which is inapplicable to the issue of the voluntariness of a Miranda waiver. By only applying Davis when the circumstances also required the state courts to apply Moran's totality of the circumstances inquiry to the issue of whether the waiver was voluntary, they failed to identify the "correct legal rule," and their decisions were thus contrary to clearly established law, as determined by the Supreme Court. Fugate v. Head, **261 F.3d 1206**, 1216 (11th Cir. 2001).

3. Under the totality of the circumstances facing Mr. Akinyemi , he believed those statements of Mr. Tynan. As a result of his belief in what Agent Tynan told he, Mr. Akinyemi allowed Agent Tynan to search the premises, take items and take a statement.

WHEREFORE, the defendant requests the following relief:

1. That a hearing on the suppression issue be conducted and that Officer Tynan and the Defendant be present.

2. That following said hearing, all statements and items taken from the residence of the defendant be suppressed and not allowed to be entered as evidence.

3. All other appropriate relief.

RESPECTFULLY SUBMITTED,

/s/ James R. Cooper, Jr.
James R. Cooper, Jr.  (COO021)
COOPER & COOPER
312 Scott Street
Montgomery, Alabama 36104
(334) 262-4887
(334) 262-4880 (Facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 10th day of October,  2007 , I have served a copy of the foregoing Motion to Suppress upon Mr. Chris Snyder, AUSA  , at the last known address of: P.O. Box 197, Montgomery, Al  By placing a copy of the same in the United States Mail properly addressed and postage prepaid and electronically.

/s/James R. Cooper, Jr.
JAMES R. COOPER, JR.

Cc:
Arinniyi Omolade Akinyemi
Montgomery City Jail
P. O. Drawer 159
Montgomery, AL 36104