**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO. 2:07-cr-61-MHT-WC** |
| | ) | |
| **ARINNIYI OMOLADE AKINYEMI** | ) | |
| | ) | |

---

### United States's Response to Defendant's Motion to Suppress

---

Arinniyi Omolade Akinyemi's Motion to Suppress should be denied.  His motion is vague and is inconsistent with the Court's requirements for motions to suppress. Furthermore, his conclusory allegations are without merit. Akinyemi appears to complain that his April 28, 2006 statement to Postal Inspector James Tynan and Tynan's search of his apartment are unconstitutional.  Akinyemi was not in custody, and even if he was, Tynan read him his *Miranda* warnings before speaking with him.  Akinyemi then signed a waiver of rights form.[1]  After he spoke with Tynan, Akinyemi then gave Tynan consent to search his apartment and signed a consent to search form.[2] Akineyemi's motion should therefore be denied, and the hearing on this matter should be cancelled.  As an alternative, the Court should require Akinyemi to file a motion to suppress that meets with the Court's requirements as outlined in the Court's September 27, 2007 pretrial order.

---

[1] Attached as Exhibit 1.

[2] Attached as Exhibit 2.

1.    **Akinyemi's Motion Fails to Follow the Requirements of the Court's September 27, 2007 Pretrial Order.**

Akinyemi has filed a vague and conclusory motion to suppress. Not only has he failed to identify which of Akinyemi's statements he wishes to suppress (there were three) and which search he is talking about (there are two), his allegations are conclusory.[3] This is not sufficient for motions to suppress in this District. As the Court's September 27, 2007 Pretrial Order in this case noted:

> Motions to suppress must allege specific facts which, if proven, would provide a basis of relief. This court will summarily dismiss suppression motions which are supported only by general or conclusory assertions founded on mere suspicion or conjecture. All grounds upon which the defendant relies must be specifically stated in the motion in separately numbered paragraphs in a section of the motion which is labeled "Issues Presented." Grounds not stated in the "Issues Presented" section of the motion will be deemed to have been waived. See generally United States v. Richardson, 764 F.2d 1514,1526-27 (11th Cir. 1985).[4]

Without more specific allegations including dates and what about the interviews(all involved waivers of *Miranda* rights) and the searches (consent was given for both) is objectionable, it is difficult for the Government to formulate a response to this motion. Therefore, Akineyemi's motion should be denied and the hearing on this matter should be cancelled. After all, "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose . . . submission to their lawful mandates."[5] These powers

---

[3] *See, e.g.,* Deft. Motion at ¶1 ("It appears to be a case in which Mr. Tynan, while believing that Mr. Akinyemi *may* have some knowledge of criminal activity, came to his residence with the intent of entering, questioning the defendant and searching the premises.").

[4] *See* Doc. # 108. (emphasis removed).

[5] *Anderson v. Dunn,* 6 Wheat. 204, 227 (1821); *see also Ex parte Robinson*, 19 Wall. 505, 510 (1874).

permit "courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[6]

As an alternative, the Court should require Akinyemi to file a motion to suppress that meets with the Court's requirements as outlined in the Court's September 27, 2007 pretrial order. This is a rather simple task. After all Akineyemi has already been provided all of the law enforcement reports surrounding these interviews and searches.

## 2.    Akenyemi Was Given his Miranda Warnings and Gave his Consent to Search.

To the best of the Government's ability, it appears most likely that the defendant is complaining that his April 28, 2006 statement to Postal Inspector James Tynan and Tynan's search of his apartment are unconstitutional. During this interview, however, Tynan and Troy Police Detective Terry Miles informed Akinyemi that he was not under arrest and that he was free to leave. Tynan then read Akinyemi his *Miranda* rights form, which Akinyemi signed. Akinyemi then made incriminating statements. After the interview, Akinyemi permitted Tynan and Miles to search his apartment and signed a consent form permitting them to do so. Incriminating documents were then found in his apartment.

---

[6] *Link v. Wabash R. Co.,* 370 U.S. 626, 630-631, (1962); *see also Eash v. Riggins Trucking Inc.,* 757 F.2d 557, 567 (3d Cir. 1985) ("A court's inherent power to manage its caseload, control its docket, and regulate the conduct of attorneys before it, provides authority to fashion tools that aid the court in getting on with the business of deciding cases.").

Akinyemi's motion is meritless. Assuming that Akinyemi were even in custody,[7] he was given his *Miranda* warnings, which he waived. A "[d]efendant's signing of [a] waiver form, though not conclusive, is 'usually strong proof' of the voluntariness of the waiver."[8] Furthermore, the search was valid because Akinyemi gave consent to search his apartment. It is black letter law that "[a] warrantless search undertaken without probable cause is valid if conducted pursuant to consent."[9] Therefore, because his motion is without merit, it should be denied.

**3.    Conclusion**

Akinyemi's Motion should be denied. Not only is his motion legally untenable, but also its vague and conclusory nature smacks of a fishing expedition. The motion should either be denied on its face or Akinyemi should be required to file a more complete motion.

Respectfully submitted this 17th day of October, 2007,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: christopher.a.snyder@usdoj.gov

---

[7] The Government believes that Akinyemi was not in custody and does not wish to waive this argument. Akinyemi, however, has failed to state any reason why his interview would have been considered custodial. Without a more specific argument, the Government will not address this issue at this time.

[8] *Blasingame v. Estelle*, 604 F.2d 893, 896 (5th Cir.1979).

[9] *United States v. Butler*, 102 F.3d 1191, 1197 (11th Cir. 1997).

CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Jim Cooper.

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney

## UNITED STATES POSTAL INSPECTION SERVICE
# WARNING AND WAIVER OF RIGHTS

Place: _604 N. Folmar St   Apr 10_
_____Troy, AL_____

Date: _4/28/06_     Time: _1:00_

# WARNING

**BEFORE YOU ARE ASKED ANY QUESTIONS, YOU MUST UNDERSTAND YOUR RIGHTS.**
- **You have a right to remain silent.**
- **Anything you say can be used against you in court.**
- **You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning.**
- **If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.**
- **If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer.**

**I have read this statement of my rights (This statement of my rights has been read to me) and I understand what my rights are.**

_Fr. Apr. 28 2006_   _1:02 p.m._        _signature_
**(Date)**            **(Time)**              **(Signature)**

# WAIVER

**I am willing to discuss subjects presented and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.**

_Fri. Apr. 28, 2006_   _1:02 pm_        _signature_
**(Date)**              **(Time)**            **(Signature)**

Witnessed by: _J. D. T,_
    Title: _Postal Inspector_

Witnessed by: _L R Miles_
    Title: _Detective Troy P.D._

Inspection Service
Exhibit
31

745



**U.S. Postal Inspection Service**
## CONSENT TO SEARCH

Date:*(mm/dd/yyyy)* 4/28/06

I, AKINYEMI, AKINNIYI , have been informed of and understand

my constitutional rights not to have a search made of ANY APARTMENT

without the requirement of a search warrant. I have also been informed of, and understand, my right

to refuse to consent to the search. However, I hereby authorize U.S. Postal Inspector(s) _____

J. D. TYNAN + DET. T. MILES

to conduct a complete search of ANY APARTMENT

located at 604 N FOLMAR STREET, TROY

The U.S. Postal Inspector(s) is/are authorized by me to take from the above described property any

letters, papers, materials, or other property, which is contraband or evidence and specifically

ANY CONTRABAND, STOLEN MAIL, CHECKS, CC, ETC.

I understand that this contraband or evidence may be used against me in court of law or an

administrative proceeding.

I understand my right to withdraw my consent at any time.

This written permission is being given by me to the above named persons freely and voluntarily

without threats, promises, or coercion of any kind to have me consent to the search and/or sign this

form. I realize that I may ask for and receive a receipt for all things taken.

Signature of Witnesses:                    Signature of Consentor:

J. D. T,—                                   *[signature]*

TR Miles

IS Form 8193, July 1998

Inspection Service
Exhibit

24