## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO. 2:07-cr-61-MHT-WC** |
| | ) | |
| **ARINNIYI OMOLADE AKINYEMI** | ) | |
| | ) | |

### PLEA AGREEMENT

DEFENSE COUNSEL:          JAMES ROBERT COOPER JR.

ASSISTANT U.S. ATTORNEY:     CHRISTOPHER A. SNYDER

### COUNTS AND STATUTES CHARGED IN INDICTMENT

| | | |
|---|---|---|
| Count 1: | 18 U.S.C. § 1349 | (Conspiracy) |
| Count 5: | 18 U.S.C. § 1344 | (Mail Fraud) |
| Count 6: | 18 U.S.C. § 1708 | (Possession of Stolen Mail) |

### COUNTS AND STATUTES CHARGED IN INFORMATION

| | | |
|---|---|---|
| Count 1: | 18 U.S.C. § 1505 | (Obstruction of Federal Proceedings) |
| Count 2 | 18 U.S.C. § 1703 | (Mail Tampering) |

### COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:

| | | |
|---|---|---|
| Count 1 (Information): | 18 U.S.C. § 1505 | (Obstruction of Federal Proceedings) |
| Count 2 (Information) | 18 U.S.C. § 1703 | (Mail Tampering) |

### PENALTIES BY COUNT – MAXIMUM PENALTY:

| | | |
|---|---|---|
| Count 1 (Information): | 18 U.S.C. § 1505 | (Obstruction of Federal Proceedings) |

A term of imprisonment of not more than five years, and a fine of not more than $250,000, or both; a term of supervised release of not more than three years; an assessment fee of $100; and an order of restitution.

| | | |
|---|---|---|
| Count 2 (Information): | 18 U.S.C. § 1703 | (Mail Tampering) |

A term of imprisonment of not more than one year, and a fine of not more than $100,000, or both; a term of supervised release of not more than one year; an assessment fee of $25; and an order of restitution.

## ELEMENTS OF THE OFFENSES

Count 1 (Information):      18 U.S.C. § 1505      (Obstruction of Federal Proceedings)

    1.    That there was a proceeding pending before department or agency of the United States;

    2.    That the Defendant was aware of the pending proceedings; and

    3.    That the Defendant intentionally endeavored corruptly to influence, obstruct or impede the pending proceeding.

Count 2 (Information):      18 U.S.C. § 1703      (Mail Tampering)

    1.    That the defendant knowingly opened or destroyed mail that was not directed to him;

    2.    That the Defendant did so without lawful authority.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Christopher A. Snyder, Assistant United States Attorney, and James Robert Cooper Jr., attorney for the defendant, pursuant to Rules 11(c)(1)(A) and 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment in this case and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and proceed to trial. If the Court accepts this agreement, however, and defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

-2-

## GOVERNMENT'S PROVISIONS

1.      For purposes of the calculation of defendant's offense level under the United

States Sentencing Guidelines, the government and the defendant agree that:

       a.      For the violation of 18 U.S.C § 1505, the appropriate Guideline is U.S.S.G. § 2J1.2 (Obstruction of Justice).

       b.      Because the obstruction resulted in substantial interference with the administration of justice, a three level increase is appropriate. See U.S.S.G. § 2J1.2(b)(2).

       c.      The parties make no other agreements about what other Guidelines provisions, enhancements, or adjustments apply.

       d.      The defendant will not file a motion for downward departure or argue for a downward departure, and the government will not file a motion for upward departure or argue for an upward departure.

       e.      Neither the defendant, nor the government will request or argue for a variance of the sentence imposed pursuant to the factors enumerated in 18 U.S.C. § 3553, as would otherwise been permitted under *United States v. Booker*.

2.      The government agrees, with the defendant, that the defendant will pay restitution

in an amount calculated by the Court.

3.      The government agrees, with the defendant, to term of imprisonment of 15

months.

4.      The Government will move to dismiss Counts 1, 5, 6 of the Superceeding

Indictment against the defendant at sentencing.

5.      The United States reserves the right to inform the Court and the Probation

Department of all facts pertinent to the sentencing process, including all relevant information

concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

1.       The defendant agrees to plead guilty to Counts 1 and 2 of the Information.

2.       The defendant agrees with the calculation of the offense level, the restitution calculation, and the sentence as set forth in paragraphs 1, 2, 3, and 4 of the government's provisions.

3.       The defendant further agrees to the following:

     a.       To forfeit any and all firearms in his possession.

     b.       To not commit state, federal, or local crimes.

     c.       To waive appeal and collateral attack as detailed below.

4.       The defendant understands that the while the United States Sentencing Guidelines are advisory, the defendant agrees to be sentenced in accordance with the Guidelines.

5.       The defendant agrees (1) that facts used to determine the defendant's Guideline offense level and sentence will be found by the Court by a preponderance of the evidence and (2) that the Court may consider any reliable evidence, including hearsay.

## FACTUAL BASIS

The defendant admits the allegations charged in Counts 1 and 2 of the Information and understands that the nature of the charge to which the plea is offered involves the following proof as to these Counts:

**A.**    **Count 1: Obstruction of Justice**

1       On or about March 8, 2006, based upon a joint investigation of the United States Postal Inspection Service and the Troy Police Department, Bendict Adande was arrested on a federal complaint from the Middle District of Alabama.  The United States Postal Inspection

-4-

Service is a department or agency of the United States.  Based upon information obtained from Adande, the case was expanded to include the defendant, Arinniyi Omolade Akinyemi.

2.      Akinyemi was aware of this proceeding and aware that Adande had been arrested. On March 28, 2006, at the request of United States Postal Inspector James Tynan, Troy Police Detective Terry Miles questioned Akinyemi.  During this questioning Akinyemi claimed he did not know about any criminal activity involving Adande, or his other co-defendants, including, but not limited to Nukak Effoing Asanansi, Somotochukwe Enyiom Ogbonna, Adeleke Olutubosun Taiwo, and Bankole Babjide Balogun.  This statement was false.  Akinyemi knew it was false, but gave it to protect himself and others involved in the ongoing postal investigation.

3.      Further investigation has detailed that Akinyemi received mail and packages for many of his co-defendants.  Some of this mail were letters and packages of the victims in this case, which had been diverted to Akinyemi's address.  On April 28, 2006, Tynan questioned Akinyemi and confronted him with some of the evidence obtained during his investigation. Akinyemi then partially recanted his prior statement and admitted that he had received packages for Balogun, which had been ordered with a stolen credit card, and that he received mail for Asanansi.

4.      On September 11, 2007, Akinyemi was arrested.  He then gave another statement to Tynan.  In that statement, Akinyemi stated that he knew that Adande and Asanansi were having mail, which containing fraudently obtained credit card information, mailed to his apartment in Troy, Alabama.  He also admitted that he had received packages for Balogun that he and Balogun knew were fraudulently ordered.

5.      Akinyemi has since partially recanted these statements as well.  He now claims

that these statements he gave were falsehoods he told Tynan to help himself, to incriminate his

co-defendants, and to otherwise influence, obstruct, and impede the proceedings of this case and

other cases.

**B.**     **Count 2: Tampering with Mail**

Between at least on or about April 28, 2006, and continuing until on or about September

12, 2007, in Pike County**,** Alabama, Akinyemi did knowingly open or destroy mail, namely

letters addressed to B.D., D.R, and P.W., among others, which he knew were not directed to him.

**DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK**

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence

under certain circumstances, the defendant expressly waives any and all rights conferred by 18

U.S.C. § 3742 to appeal the sentence. Defendant specifically waives the right to appeal the

sentence on the grounds that the sentencing guidelines are in any respect unconstitutional, or that

any fact found by the Court for sentencing was not alleged in the Information, admitted by the

Defendant, found by a jury, or found beyond a reasonable doubt. Defendant further expressly

waives the right to appeal the conviction and sentence on any other ground and waives the right

to attack the sentence in any post-conviction proceeding. This waiver does not include the right

to appeal on the grounds of ineffective assistance of counsel and prosecutorial misconduct, or to

collaterally attack the sentence imposed on those grounds. But, other than those grounds, the

defendant expressly waives the right to appeal or collaterally attack his conviction or sentence on

any other ground.

Notwithstanding the above, the defendant reserves the right to file a direct appeal of an

upward departure from the applicable Guidelines range which the sentencing court specifies at

the time of sentencing as having been imposed pursuant to either U.S.S.G. § 4A1.3 (from

criminal history category) or § 5K2.O (from offense level). The defendant understands and

agrees that this waiver as to all other Guidelines findings would still be in force and effect

notwithstanding the appealability of an upward departure. Defendant knowingly and voluntarily

waives any rights defendant has under federal law to a jury determination of any fact affecting

Defendant's sentence.

      In return for the above waiver by the defendant, the Government does not waive its right

to appeal the sentence imposed in the instant case. The Government does not waive its right to

appeal any order dismissing the Superceding Indictment or Information, vacating a sentence, or

otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree

that nothing in this agreement shall affect the Government's right and/or duty to appeal as set

forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence

pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver as to any issue the

defendant may raise pursuant to 18 U.S.C. § 3742(a).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

    1.      The defendant, before entering a plea of guilty to Counts 1 and 2 of the

Information as provided for herein by said Plea Agreement, advises the Court that:

        a.      The discussions between the attorney for the government and the attorney

for the defendant towards reaching an agreed plea in this case have taken place with the

defendant's authorization and consent.

        b.      Other than as provided for under Rule 11(c)(1)(C), *Federal Rules of

Criminal Procedure*, the Defendant acknowledges that a breach of this Plea Agreement will not

entitle him to withdraw his guilty plea in this case.  Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

c.    The defendant further understands that, pursuant to Title 18, United States Code, Section 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing.  The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office.  The defendant further understands that by completing and submitting to the court or the government any financial statements, the defendant is representing that the statement is true and accurate to the best of the defendant's information, knowledge, and belief.

d.    The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

e.    The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

f.    The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further

-8-

understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

        g.      The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government, and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

        h.      The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

        i.      The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the respective Court.

        j.      The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Information herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Information herein, is admissible in a criminal proceeding for

perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

k.      The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

2.      The undersigned attorney for the government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended.  The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind.  Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

3.      The defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court.  The Probation Officer will consider the

-10-

defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the Court, may differ from that projected by defendant's counsel or the United States Attorney.

This 29TH day of October, 2007.

Respectfully submitted,
LEURA G. CANARY
UNITED STATES ATTORNEY

Christopher A. Snyder
Assistant United States Attorney
One Court Square
Suite 201
Montgomery, Alabama 36104

Louis V. Franklin
Chief, Criminal Division

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, James Robert Cooper Jr.

Arinniyi Omolade Akinyemi
Defendant

10/29/07
Date

James Robert Cooper Jr.
Attorney for the Defendant

10/29/07
Date